IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOEANN BUMPERS,**

**Plaintiff,**

**v.**

**ST. ELIZABETH'S HOSPITAL,**

**Defendant.**                                              No. 10-cv-687-DRH

### ORDER

**HERNDON, Chief Judge:**

On September 7, 2010, Plaintiff Joeann Bumpers filed a *pro se* complaint against Defendant St. Elizabeth's Hospital alleging racial discrimination under Title VII and 42 U.S.C. § 1981 (Doc. 1). Now before the Court is Plaintiff's Motion and Affidavit to Proceed (Doc. 2) *in forma pauperis* and Motion for Service of Process at Government Expense (Doc. 4). Because the Court finds that Plaintiff is indigent, the Court **GRANTS** both the motion to proceed *in forma pauperis* (Doc. 2) and the motion for service of process at government expense (Doc. 4).

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that

the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." **Hutchinson v. Spink, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Plaintiff's motion survives **§ 1915(e)(2)** review. Plaintiff submitted a declaration documenting her poverty. The action appears to be neither frivolous nor malicious. At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendants are immune from suit. Although Plaintiff's Complaint is a bit vague, the Court finds that the Complaint puts Defendant on notice that Plaintiff intends that Title VII of the Civil Rights Act of 1964 is the basis for her Complaint.

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and her motion for service of process at government expense (Doc. 4). The Court **DIRECTS** the Clerk's Office to send a blank USM-285 form to Plaintiff. Plaintiff must fill out this form and return it to the Clerk's Office in order for the case to proceed. Once the Clerk receives the USM-285 form, the Clerk will issue a summons for the Defendant. Once a summons is issued the Court **DIRECTS**

the United States Marshal to obtain service on same.  Costs of service shall be borne by the United States of America.

The court further notes that there is currently a motion to appoint counsel (Doc. 3) pending before the Court.  The Court **REFERS** this motion to the Magistrate Judge for determination.

**IT IS SO ORDERED.**

Signed this 28th day of September, 2010.

/s/    David R Herndon

**Chief Judge**
**United States District Court**