# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEANN BUMPERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.: 3:10-cv-00687-DRH-PMF |
| ST. ELIZABETH'S HOSPITAL, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are the Letter/correspondence from JoeAnn Bumpers regarding Right to Remove Arguments from Confidential Waiver & Release Agreement (Doc. 19), which the Court has construed as a Motion to Set Aside the Settlement (Doc. 22), and Defendant St. Elizabeth's Hospital's Motion to Enforce Settlement (Doc. 23). For the following reasons, it is **RECOMMENDED** that the Plaintiff's Motion to Set Aside the Settlement (Doc. 19) be **DENIED** and the Defendant's Motion to Enforce Settlement (Doc. 23) be **GRANTED**.

## BACKGROUND

In its Order regarding settlement (Doc. 22) on April 28, 2011, the Court summarized the relevant aspects of the controversy regarding the pending settlement of this case as follows:

> On January 6, 2011, a telephonic conference was held where the parties discussed the terms of a possible settlement (Doc. 16). A week later, another telephonic conference was held in which the parties agreed to the terms of a settlement (Doc. 17). The terms of the settlement agreement were clearly outlined, discussed, and agreed to at that time. During the conferences, the Court inquired about the *pro se* Plaintiff's representation status. Plaintiff informed the Court that she had previously attempted to retain counsel, but attorneys were not willing to accept representation of her case. The Court advised Plaintiff that she could continue *pro se*, but she would be held to the standards applicable to an attorney.

1

> Because the case was settled on January 13, 2011 and the parties needed additional time to consummate settlement, a 60-day Order was entered by the District Judge directing the Clerk of the Court to enter judgment of dismissal within 60 days of the Order unless the parties fail to consummate settlement (Doc. 18). On February 11, 2011, the Plaintiff filed the instant motion with the Court indicating [her] displeasure with the settlement agreement terms (Doc. 19).
>
> The Court held a status conference in this matter on April 27, 2011 in which Plaintiff expressed her desire to set aside the settlement agreement (Doc. 20). The Court and the parties recalled their earlier telephonic conferences where Plaintiff had indicated that she clearly understood the terms and had no disagreement. When the Court inquired as to which specific parts of the agreement that the Plaintiff objected to, the Plaintiff cited paragraphs 6, 7, 8, and 9 of the agreement. When the Court pointed out that she stated in her letter to the Court (Doc. 19) that those specific paragraphs were agreeable, the Plaintiff then stated that she objected to the entire agreement. Additionally, Plaintiff indicated in her letter (Doc. 19) that she found a term in the settlement agreement objectionable that the characterized the termination of her employment as a resignation. The Defendant indicated that the term was inserted for Plaintiff's benefit. When the Court asked during the status conference whether Plaintiff would prefer to change that term, she indicated that she no longer found that term of the settlement agreement objectionable.
>
> During the April 27, 2011 status conference, the Court made certain findings. The Court finds that both parties had a clear understanding of the terms of the settlement agreement on January 13, 2011, and any attempt by the Plaintiff to withdraw her acceptance of the tendered offer is a result of buyer's remorse as to the $5,000 settlement agreement in which she previously clearly understood and accepted. The Court finds that the Defendant and its counsel have acted in good faith in agreeing to and preparing the settlement agreement and the Defendant incurred expenses in reliance of Plaintiff's acceptance of the settlement agreement.

Doc. 22.

In that Order, the Court directed Defendant's counsel to "prepare and file an affidavit within 10 days that clearly identifies all billable costs to her client to prepare and enforce the settlement agreement that was drafted in reliance of Plaintiff's acceptance of the settlement offer in this case on January 13, 2011." *Id.* The Court further directed Plaintiff to file a response within 5 days after receiving the affidavit, and to elect one of the following three options:

1) accept the terms of the previously tendered settlement and execute the settlement agreement and release;

    2) pay all costs the Defendant incurred for preparation and enforcement of the settlement agreement that the Court approves; or
    3) have this case dismissed.

*Id.*

On May 6, 2011, the Defendant filed its Motion to Enforce Settlement (Doc. 23) along with an affidavit by Defendant's counsel that identified costs billable to Defendant for preparing and enforcing the settlement agreement that was drafted in reliance of Plaintiff's acceptance of the settlement offer in this case on January 13, 2011 (*see* Doc. 23-1 at 2-3). The Plaintiff has failed to respond to the Court's Order (Doc. 22) and the Motion to Enforce Settlement (Doc. 23).

## **DISCUSSION**

It is well established in the Seventh Circuit that oral agreements to settle a claim are enforceable in federal court. *See, e.g., Glass v. Rock Island Refining Corp.*, 788 F.2d 450 (7th Cir. 1986); *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858 (7th Cir. 1986). There is no requirement that the settlement of Title VII claims be reduced to writing. *Glass*, 788 F.2d at 454. "Absent a factual basis rendering it invalid, an oral agreement to settle a Title VII claim is enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute." *Id.* (quoting *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) and citing *Lyles v. Commercial Lovelace Motor Freight, Inc.*, 684 F.2d 501, 504 (7th Cir. 1982)). "If a party to a Title VII suit who has previously authorized a settlement changes his mind ..., that party remains bound by the terms of the agreement." *Id.* at 454-55 (quoting *Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir.1985) (quoting *Fulgence*, 662 F.2d at 1209)).

In both *Glass* and *Taylor*, the Seventh Circuit found an oral acceptance of a settlement offer for a Title VII claim enforceable when the plaintiff knowingly and voluntarily accepted the

3

offer and later attempted to renege on the agreement. *See Glass*, 788 F.2d at 454-56; *Taylor*, 793 F.2d at 862-64. As the Court found in its April 28, 2011 Order (Doc. 22), there is undisputed evidence that the Plaintiff knowingly and voluntarily agreed to waive her Title VII claim by agreeing to a $5,000 settlement offer on January 13, 2011. Here, as in *Glass* and *Taylor*, the agreement is binding, and there is no factual basis that would render the oral agreement invalid. It is clear that the Plaintiff is now attempting to withdraw her knowing and voluntary acceptance of the oral settlement agreement. In this situation, the Court is obligated to enforce the binding settlement agreement and find that the Plaintiff has waived her Title VII claim.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that Plaintiff's Motion to Set Aside the Settlement (Doc. 19) be **DENIED** and the Defendant's Motion to Enforce Settlement (Doc. 23) be **GRANTED**.

It is further **RECOMMENDED** that this case be **DISMISSED** with prejudice. Plaintiff has been given ample opportunity to execute the binding settlement agreement (*See* Doc. 22) and has failed to do so.

**SO RECOMMENDED.**

**DATED: May 23, 2011.**

> */s/ Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**