IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOEANN BUMPERS,**

    **Plaintiff,**

v.

**ST. ELIZABETH'S HOSPITAL,**

    **Defendant.**                               No. 10-cv-687-DRH-PMF

## ORDER

**HERNDON, Chief Judge:**

Before the Court is a report and recommendation (the report) (Doc. 25) issued on May 23, 2011, by United States Magistrate Judge Phillip M. Frazier recommending that plaintiff's motion to set aside the settlement (Doc. 19) be denied, that defendant's motion to enforce settlement (Doc. 23) be granted, and that this case be dismissed with prejudice. Upon issuance, the report and notice informing of the right to appeal by way of filing "objections" within fourteen days of service of the report should have been sent to both parties but it was inadvertently not sent to pro se plaintiff Joeann Bumpers. Accordingly, on June 15, 2011, the Court ordered the Clerk to mail by United States Postal Service with return receipt service a copy of its order acknowledging its failure and reopening the case along with the report and recommendation and notice of the right to file objections to the report and recommendations within fourteen days of service. That same day those documents were mailed to plaintiff by certified mail, return receipt requested. Today, those documents were returned to the Court as unclaimed. For the reasons that follow, the

Court adopts the report and recommendation in its entirety and directs the clerk to enter judgment dismissing the case with prejudice.

Plaintiff is pro se and has given the Court a post office box as her mailing address. Mailing by certified mail with return receipt must be signed for. When the item is sent to a post office box, the Post Office will place a notice in the post office box that can be taken to a window clerk for collection of your item. A track and confirm search on the United States Postal Service's website for plaintiff's item (label/receipt number 7002 0860 0007 0547 7115) indicates that the item was reported unclaimed on July 12, 2011, in Belleville, Illinois, and as mentioned above, today the item was returned to the Court as unclaimed. Here, either plaintiff refused to take the notice to a window clerk to collect her item or simply has failed to check her post office box and has not received the notice. In either event, the Court has not heard from plaintiff since the April 27, 2011, status conference, when plaintiff was ordered to respond after receiving defense's counsels affidavit of costs in preparing the settlement agreement. Plaintiff failed to comply with the Court's order, and the Court finds that it has made all the attempts necessary in order to provide plaintiff with a copy of the report and recommendation and the notice regarding objections. Thus, the Court finds that no objections have been filed, and the period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). As such, the Court adopts the Report in its entirety (Doc. 25). Plaintiff's motion to set aside the settlement (Doc. 19) is denied, defendant's motion to enforce settlement (Doc. 23) is granted, and the case is dismissed with prejudice. The Clerk to enter judgment

dismissing the case with prejudice.

**IT IS SO ORDERED.**

Signed this 18th day of July, 2011.

Digitally signed by David R. Herndon
Date: 2011.07.18 14:30:13 -05'00'

**Chief Judge
United States District Court**